IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ERIC M. CAMPBELL                                                                     PLAINTIFF

vs.                            Civil No. 3:13-cv-03004

CAROLYN W. COLVIN                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Eric M. Campbell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability application on September 21, 2009. (Tr. 9, 145-146). Plaintiff alleges being disabled due to depression, anxiety, seizure disorder, hernias, left shoulder problems, knee problems, panic attacks, memory loss, and possible brain atrophy. (Tr. 196). Plaintiff alleges an onset date of March 15, 2009. (Tr. 9). This application was denied initially and again upon reconsideration. (Tr. 59-60). Thereafter, Plaintiff requested an administrative hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

on his application, and this hearing request was granted. (Tr. 78-80).

On March 30, 2011, this hearing was held in Harrison, Arkansas. (Tr. 19-58). Plaintiff was present at this hearing and was represented by Frederick S. Spencer. *Id.* Plaintiff, two witnesses for Plaintiff, and Vocational Expert ("VE") Patty Kent testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 22). Plaintiff also testified he had completed high school and college and had obtained his law degree. (Tr. 24-25).

After this hearing, on June 6, 2011, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 6-14). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2013. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 15, 2009, his alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following "medically determinable impairment": alcohol withdrawal seizures. (Tr. 11, Finding 3). The ALJ also determined this impairment did not significantly limit (and was not expected to significantly limit) Plaintiff's ability to perform basic work-related activities for 12 consecutive months. (Tr. 11-14, Finding 4). Based upon this finding, the ALJ determined Plaintiff did not have a severe impairment. (Tr. 11-14, Finding 4). Because Plaintiff did not have a severe impairment, the ALJ determined he had not been under a disability, as defined in the Act, from March 15, 2009 through the date of his decision or through June 6, 2011. (Tr. 14, Finding 5).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4). On November 16, 2012, the Appeals Council denied this request for review. (Tr. 1-3). On January 7, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to

the jurisdiction of this Court on February 7, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11, 13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred in failing to develop the record; (B) the ALJ erred in finding he had no severe impairments at Step Two of the Analysis; and (C) the ALJ erred in finding his decision was supported by substantial evidence in the record. ECF No. 11 at 6-10. The Court will address each of these arguments.[2]

**A.    ALJ's Development of the Record**

Plaintiff claims the ALJ erred in failing to develop the record. ECF No. 11 at 6-7.

---

[2] However, because Plaintiff's third claim (C) reiterates the arguments he makes with his first (A) and second (B) claims, the Court will not address this third argument.

4

Specifically, Plaintiff claims he was unable to afford medical treatment, and, as such, the ALJ had a responsibility to develop an adequate record that included an investigation into his alleged psychological and physical problems. *Id.* Plaintiff claims he should have been sent for a consultative evaluation to assess those impairments. *Id.*

As an initial matter, Plaintiff claims he has been unable to afford medical treatment; and, because of this, he was unable to seek that treatment. ECF No. 11 at 6-7. Plaintiff makes this bare claim without referencing any support in the record. *Id.* Notably, Plaintiff has provided no evidence that he sought medical care and was denied it because of his inability to pay or that he sought low-cost or free medical treatment. *Id.* Thus, the Court cannot find Plaintiff's failure to seek treatment was excused by his failure to pay. *See Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992) (requiring a demonstration that the claimant "sought to obtain any low-cost medical treatment" or "had been denied medical care because of her financial condition").

His claim that he has been unable to afford treatment is also greatly undercut by his ability to afford considerable amounts of alcohol. Although Plaintiff testified at the hearing in this matter that he had discontinued abusing alcohol (Tr. 45-46), his medical records reflect that as recently as January 12, 2011, he was admitted for seizures and apparent alcohol withdrawal.[3] (Tr. 46, 628-632). Certainly if Plaintiff can afford alcohol, he can afford to seek medical treatment.

Nevertheless, even if his failure to seek treatment were excused, the Court finds the ALJ fulfilled his duty of fully developing the record in this matter. The ALJ only has the responsibility to develop the record "to make a fair determination as to whether nor not the claimant is disabled."

---

[3] Although it appears Plaintiff was never formally diagnosed with alcohol withdrawal, Plaintiff was given "alcohol withdrawal" patient education materials, "rehab" was recommended, and he was directed not to drink alcohol. (Tr. 629). From this, the Court can infer Plaintiff was being treated for alcohol dependence.

*Payton v. Shalala,* 25 F.3d 684, 686 (8th Cir. 1994). Here, Plaintiff has made no demonstration that the record was not adequately developed. The medical records in this case include nearly four hundred pages. (Tr. 262-632). Most of these medical records relate to his alcohol abuse, resulting seizure disorder, and alcohol rehabilitation. *See, e.g.,* Tr. 447-448 (noting Plaintiff's history of "having alcohol withdrawal seizures"); Tr. 423 (Plaintiff was placed in ICU due to a high level of intoxication).

Based upon the Court's review of these medical records, there is no basis for finding the ALJ has not adequately developed the record in this case. Thus, the Court cannot remand this case because Plaintiff claims the record was not adequately developed. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand").

### B.     Step Two of the Analysis

Plaintiff claims the ALJ erred in evaluating his depression, anxiety, and neck and shoulder pain at Step Two of the Analysis by finding these impairments were not severe. ECF No. 11 at 8-9. Plaintiff also claims the ALJ erred by not evaluating these impairments in combination with his alcohol withdrawal seizures. *Id.* Plaintiff claims this case should be reversed and remanded on this basis. *Id.*

In his Step Two determination, the ALJ did not find Plaintiff suffered from any severe impairments. (Tr. 11-14, Finding 5). Notably, the ALJ did not find any of Plaintiff's alleged impairments of depression, anxiety, seizure disorder, hernias, left shoulder problems, knee problems, panic attacks, memory loss, and possible brain atrophy (Tr. 196) were severe. *Id.* The ALJ also specifically noted that Plaintiff's alcohol withdrawal seizures were non-severe. (Tr. 11-14, Finding 4).

The standard for determining whether an impairment is severe is whether an impairment

"significantly limit[s]" the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a) (2012). "Basic work activities" include the following: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* § 404.1521(b).

In the present action, Plaintiff has not demonstrated these alleged impairments significantly limit him in his ability to perform any of these "basic work activities." ECF No. 11. Indeed, Plaintiff's primary argument in his briefing is that the ALJ *might* have found these impairments to be severe at Step Two had he ordered additional testing. *Id.* As noted above, this record was adequately developed, and Plaintiff has offered no basis for reversal on this issue. Thus, the Court will not engage in any speculation as to what the ALJ might have found had additional testing been ordered.

Finally, the only records which Plaintiff has presented demonstrating his impairments are severe are from a consulting examiner, Vann Smith, Ph.D. (Tr. 611-619). The ALJ considered Mr. Smith's findings in his opinion but disregarded them because they were "highly inconsistent with the objective medical evidence and other evidence of record." (Tr. 14). The ALJ also noted Mr. Smith "is not a medical doctor or treating physician and little weight is given to his opinion due to his short relationship with the claimant." *Id.* The Court finds the ALJ's decision to disregard Mr. Smith's opinions was proper. *See Charles v. Barnhart,* 375 F.3d 777, 783 (8th Cir. 2004) (generally when consulting physician examines claimant only once, his opinion is not substantial evidence). *See also Mellon v. Astrue,* 440 F. App'x 85, at *1 (8th Cir. 2011) (upholding the ALJ's decision to discount the opinions of Mr. Vann Smith).

**4.	Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE